No. 8834

COURT OF APPEAL

PARISH OF ORLEANS

———————

Gulf Finance & Securities Co.

vs.

Globe Indemnity Co.

———————

Dinkelspiel; J.

This suit is instituted by plaintiff, alleging that the defendant company issued policy of insurance, whereby they insured plaintiff against loss resulting from the conversion of automobiles upon which the plaintiff held chattel mortgages, given by purchasers for such automobiles, to secure the credit portion of the purchase price. The bond of the defendant read as follows:

"Now, therefore, in consideration of the payment of an agreed premium, Globe Indemnity Company, (hereinafter called the surety) does hereby agree to indemnify said Automobile Finance & Securities Company, (hereinafter called the obligee) against such direct pecuniary loss as the obligee may sustain by any act of larceny, embezzlement or conversion of the purchaser, whereby the obligee is deprived of the security of motor vehicles listed in any schedules made a part hereof, as hereafter provided, either directly or through the connivance with others on the part of any purchaser named in the said schedules."

Plaintiff alleges that it acquired twelve chattel mortgage notes executed by one O. J. Doucet on February 11th, 1920, in part payment for the purchase price of an automobile bought by him; that it paid the premium on its policy; that the debtor paid the first seven notes, but defaulted upon the payment of the last five notes; that the debtor, in August, 1920, violated the condition of the chattel mortgage by selling the automobile to one Hanselman, without recognition of the chattel mortgage; that the automobile was placed beyond the reach of the plaintiff, could not be found, and that plaintiff is accordingly entitled to compensation thereby suffered, under the terms of the policy. Plaintiff prays for a judgment for $198.41, being the amount of the five unpaid notes, plus interest at eight per cent thereon from October 11th, 1920, and for the sum of $10.46 detective charges.

—

191

The defendant claims, first, termination of liability under the policy as to its risk prior to the making of the claim. Second, failure to comply with the requirements of the policy as to the giving of immediate notice of the claim thereunder.

Defendant further contends that the policy in question is subject to the further conditions: "The liability under this obligation shall begin with the day of the purchase set opposite the name of the purchaser in any schedule made part hereof, and shall end at the expiration of one year from date of purchase, as shown in said schedule", and under clause seven contend "Upon discovery by the obligee of any act which may be made the basis of a claim thereunder the obligee shall give immediate written notice thereof to the surety at its branch office in New Orleans, and affirmative proof of loss shall be filed with the surety at said branch office in New Orleans within three months thereafter."

It would be futile and serve no good purpose to quote any portions of the testimony in this case, save such as are material to the issues, in our opinion.

Plaintiff has offered in evidence, the act of sale of the automobile in question, which contains the chattel mortgage and in connection therewith has offered the five notes sued upon. The act of mortgage shows that in addition to the notes sued upon bearing eight per cent interest from date until paid, there is also fifteen per cent attorney's fees part of the act.

The testimony shows that frequent letters and demands were made by plaintiff for payment of the notes given by the purchaser Doucet, and the letters contained the statement that if the notes were not promptly paid proceedings would be taken to enforce collection, and the privilege and lien plaintiffs held against the automobile im question. It is further shows that when suit was instituted against Doucet by executory process to enforce the lien that the Sheriff failed to find the automobile in question in the premises of Doucet, who in the meantime had disposed of the car to

one Hanselman, and the letter had also disposed of it to someone else, without stating anything in reference to the mortgage and lien, and every attempt made to ascertain where the car was located, both by the employment of the detective agency, by the Sheriff, and by the plaintiff, proved unavailing. The evidence shows that notice was given in writing to the defendant company of these facts, there was some question as to whether or not the first notice sent was or was not received by the defendant company, on the one hand it was stated that the letter was written and mailed, but the defendant's officer in charge of matters of this character denied receiving the letter. The detective's report was also sent to the defendant company.

The witness Hanselman testifies that he bought from Doucet the car in question, he bought it in August, 1920, did not know there was a mortgage on the car, had paid cash for the car. he kept it for thirty days, then sold it, he bought the car in the city of New Orleans and sold it there also.

We take up for consideration, first the defende made that failure to comply with the requirements of the policy as to the giving of "immediate notice"of the claim thereunder.

It is urged with great force both in the brief and in the oral argument of defendant's counsel, that the notice given of the loss of this machine was not given as required by the stipulations in the insurance contract, where it is required that "the obligee upon discovery of any act which may be made the basis of a claim under the policy, shall give immediate written notice thereof to the surety at the branch office No. 506 Liverpool & London & Globe Building, New Orleans, Louisiana, and affirmative proof of loss shall be filed with the surety at its said branch office within three months thereafter", and numerous authorities are cited in support of this proposititition.

Without quoting the decisions referred to by counsel in this regard, we prefer to rest our opinion as to the words used,

"immediate notice to be given", on the decisions of the Highest Court of the Land, together with others, in the same connection.

"In an action brought by the receiver of a national bank appointed by the Comptroller of the Currency upon a bond of indemnity given to hold the bank harmless against fraud of a specified officer, it was contended that the court erred in admitting in evidence a notice of the default of the officer, given to the surety company by the receiver within from ten to seventeen days after the discovery of the default, and in instructing the jury that the requirement in the bond that immediate notice should be given of a default was fulfilled by giving notice as soon as reasonably practicable and with promptness, or within a reasonable time. Held that the trial court did not err in refusing to instruct, as a matter of law, that the notice was not given as soon as reasonably practicable, under the circumstances of the case, or without unnecessary delay, and in leaving the jury to determine the question whether the receiver had acted with reasonable promptness in giving the notice."

In the body of its opinion the Court said:

"The notice by the receiver to the surety company that McKnight was a defaulter was given on February 18, 1897. It follows that the notice was given within ten to seventeen days after the first discovery of a default. Both the trial court and the Circuit Court of Appeals, reviewing numerous authorities, held that the requirement in the bond "that the employer shall immediately give the company notice in writing of the discovery of any default or loss" ought not to receive the construction that it was intended by the parties that notice of a default should be given instantly on the discovery of a default, but that what was meant was that notice should be given within a reasonable time, having in view all the circumstances of the case. In so deciding we think the court did not err. Indeed, this construction of the word "immediate" would seem to be applied in practice,

194

as is illustrated by the bond of indemnity considered in the case of the Guarantee Co. vs. Mechanics' etc. Co. 183 U. S. 402, where one of the conditions was "that the company shall be notified in writing of any act on the part of said employe which may involve a loss for which the company is responsible hereunder to the employe immediately or without unreasonable delay."  Citing Ward vs. Maryland Casualty Co. 51 Atlantic Reporter, 900, where the court defines the word "immediate" as used in the policy "without any time intervening; without any delay; present; instant; often used, like similar absolute expressions, with less strictness than the literal meaning requires, as an immediate answer." It is evident that the word was not used in this contract in its literal sense. It would generally be impossible to give notice in writing of a fact the instant it occurred.  It cannot be presumed that the parties intended to introduce into the contract a provision that would render the contract nugatory.  As immediate was understood by them, it allowed the intervention of a period of time between the occurrence of the fact and the giving of notice more or less lengthy according to the circumstances.  The object of the notice was one of the circumstances to b considered.  If it was to enable the defendants to take steps for their protection that must necessarily be taken soon after the occurrence of the fact of which notice was to be given, a briefer time would be required to render the notice immediate according to the understanding of the parties than would be required if the object could be equally well attained after considerable delay.  For example, a delay of weeks in giving notice of the commencement of the employe's suit might not prejudice the defendants in preparing for a defence of the action, while a much shorter delay in giving notice of the accident might prevent them from ascertaining the truth about it.  The parties intended by the language used that the notice in each case should be given so soon after the fact transpired that, in view of all the circumstances, it would be reasonably immediate.  If a notice is given with due

diligence under the circumstances of the case, and without unneces-
sary and unreasonable delay, it will answer the requirements of the
contract." Citing numerous authorities.

Fidelity & Deposit Co. vs. Courtney, 186 U. S. Reporter
342-45-46-47.
Conrad vs.
Also see/Union Casualty & Insurance Co. 49 La. Ann. 636.

Also see Fisher vs. Globe & Rutgers' Fire Insurance

Co. 147 La. 990. et seq.

Other authorities on the same subject matter, quoted in
plaintiff's brief, amongst them, American Surety Co. vs. Pauly
170 U. S. 133 et seq. and authorities from the Supreme Courts
of the different States of the Union, construing the word "im-
mediate" are all to the like tenor and effect.

To the first objection, the termination of liability
as to its risk prior to making of the claim.

The chattel mortgage given by Doucet contained the pact
"de non alimando". In August, 1930, the proof shows, that Doucet
in violation of the terms of the mortgage, sold the car to Hansel-
man, who in turn disposed of it to someone else. The testimony
further shows that the plaintiff did not discover this act of con-
version until the following March, 1931, and subsequently the notes
being past due it filed its suit for executory process and endeav-
ored to seize the car; the Sheriff's return showed the car could
not be found; then the notice claiming the amount due under the
policy was given to defendant company.

We are of the opinion that the notice given was in ac-
cordance with the terms required by the Insurance Company, and was
given in time under the policy. When plaintiff discovered its
security on the car in question had vanished, through the
acts of the purchaser, in the sale to Hanselman, it was covered
under this policy, and defendants are liable under their bond for
the loss. Every effort that could have been made by plaintiff in
order to recover the property was made as soon as they ascertained
the facts, and more than that could not be required, and as that
was within the year the policy run the defendants are liable.

■        The next objection, where the terms of each note pro-
vided for maturity of all notes on default in payment of any one
note, and all notes bear interest from maturity, interest will be
allowed on all the notes from the date of the first default, it
requires no special argument to show that notwithstanding notwithstanding
letters contained a demand for payment of each note, that there
that did not waive the fact provided for in the mortgage that the
maturity of the several notes were thereby waived by the plain-
tiff.    The notes speak for themselves and together with the act
of mortgage constitute the right to collect the eight per cent
interest on the notes in question.

        The further objection is made, that where in the body
of the petition a claim is made for fifteen per cent attorney's
fees in addition to the principal demand, and the evidence shows
that these fees are due;although the prayer of the petition may
omit to ask for judgment for them they will be allowed under a
prayer for general relief.

        In this connection there are many cases in the Supreme
Court of this State, commencing with the 5th Ann. Police Jury vs.
the Corporation of Shreveport, 661; the case of Overend Berney &
Co. vs. Robinson et al, 10 Ann. 728, Smith vs. Cocoran, 7th La.
46; Edwards vs. Smith 10th Ann. 536, and many other authorities
to like effect covering this objection, and we are of the opin-
ion that the mere omission in the prayer to ask for specific
relief is covered by the allegation in the petition which demands
the relief covered both by the notes themselves, and the act of
mortgage accompanying same.

        Having reviewed both the evidence and the law as we
find it appertaining to the questions herein involved, and con-
struing them as we belive justice demands, we are of the opinion
that the Court aquo decided correctly the issues involved in this
case.

197

—Judgment affirmed—